IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAWN JAMES                                                                                           PLAINTIFF

vs.                                         Civil No. 4:15-cv-04118

CAROLYN W. COLVIN                                                                             DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Dawn James ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability applications on November 22, 2011 (DIB) and December 6, 2011 (SSI). (Tr. 11). In these applications, Plaintiff alleges being disabled due to Hepatitis C; Raynaud syndrome; manic depression; acid reflux; "hands get cold easily and turn blue, white, black"; and past suicide attempts. (Tr. 232). Plaintiff alleges an onset date of June 17, 2011.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

(Tr. 11). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 74-77).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 26-73, 97). Plaintiff's administrative hearing was held on June 5, 2013 in Russellville, Arkansas. (Tr. 26-73). At this hearing, Plaintiff was present and was represented by John Miller. *Id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *Id.* At this hearing, Plaintiff testified she was forty-nine (49) years old. (Tr. 30). This age qualifies as a "younger person" under 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c). (Tr. 30). As for her education, Plaintiff also testified she had completed high school. *Id.*

On June 27, 2014, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 8-20). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2016. (Tr. 13, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 17, 2011, her alleged onset date. (Tr. 13, Finding 2). The ALJ found Plaintiff had the following severe impairments: chronic rheumatic disease, Raynaud's disease, hepatitis C and history of right anterior cruciate ligament (ACL) repair. (Tr. 13-16, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 16-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the

2

>claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she must avoid all exposure to extreme cold, and she is unable to perform any jobs which involve handling or preparing food products.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff's PRW included work as an administrative clerk and data entry clerk. *Id.* The ALJ also found that Plaintiff retained the capacity to perform this PRW. *Id.* Accordingly, because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from June 17, 2011 through the date of his decision or through June 27, 2014. (Tr. 20, Finding 7).

Thereafter, Plaintiff requested the review of the Appeals Council. The Appeals Council denied Plaintiff's request for review. (Tr. 1-3). On December 31, 2015, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 5, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 9, 12. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred by finding her mental impairments were non-severe; and (B) the ALJ erred in assessing her RFC. ECF No. 9 at 1-10. Because the Court finds the ALJ erred in assessing her RFC and in determining the extent of the limitations in her hands, the Court will only address Plaintiff's second argument for reversal.

Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace. *See Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001) (citations omitted). In the present action, the ALJ did not find Plaintiff had any limitations with the use of her hands. (Tr. 16-20, Finding 5). Plaintiff, however, has supplied medical records demonstrating she is limited in using her hands because she suffers from Raynaud's phenomenon.

Notably, on January 30, 2014, rheumatologist Dr. Donald G. Leonard, M.D., F.A.C.R. examined Plaintiff and found she had *"pain on motion of both hands and wrists, reduced fist grasp of the dominant right hand, about ½ of normal, compared to normal left."* (Tr. 459) (emphasis

added).  Furthermore,  the ALJ's own consultative examiner made even more restrictive findings regarding Plaintiff's grip strength.  On July 10, 2013, Dr. Clifford Lamar Evans, M.D. recognized Plaintiff could not pick up a coin because she "can't feel the coin" and found Plaintiff's grip strength was only *10% of normal* in the both her right and left hands.  (Tr. 452) (emphasis added).

In his opinion, the ALJ summarized but did not discuss why he discounted these findings. Instead, the ALJ found only Plaintiff's testimony supported her claims of limited hand use.  (Tr. 19). The ALJ did not reference the medical evidence supporting these claims.  Then, the ALJ then discounted those subjective complaints:

> The undersigned notes that the claimant has described daily activities which are very restricted.  She testified that due to Raynaud's, she can lift nothing heavier than a can of vegetables, that she cannot tie her shoes or button her pants and that she cannot help with the household chores, except she can wash the table because the water is warm.  However, several factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. . . .

(Tr. 19).  The ALJ provided several reasons for discounting these subjective complaints.  *Id.*  All of them were essentially based upon the fact that her subjective complaints were not consistent with her medical records.  *Id.*

However, in making this assessment, the ALJ entirely ignored the grip and hand restrictions recognized by two doctors, Dr. Leonard and Dr. Evans.  The ALJ also referenced no medical support for his finding that Plaintiff was *not limited* in using her hands.  Thus, the Court cannot find there is "some medical evidence" supporting the ALJ's RFC determination on this issue.  Thus, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **19th day of January 2017.**

>  /s/   Barry A. Bryant
>  HON. BARRY A. BRYANT
>  U.S. MAGISTRATE JUDGE